UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TABITHA NORMAN AND JEREMIAH CLAYON** | **CIVIL ACTION** |
| **VERSUS** | **25-845-SDJ** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

## ORDER

Before the Court is a Joint Motion to Remand (R. Doc. 8) based on the parties' stipulation that the amount in controversy in this case does not exceed $75,000, exclusive of costs and interest. The Joint Motion to Remand will be granted, and this case will be remanded back to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Plaintiffs Tabitha Norman and Jeremiah Clayton and Defendant State Farm Fire and Casualty Company move this Court to remand this case back to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, given that the value of the case does not meet the jurisdictional limit required by 28 U.S.C.A. §1332. Plaintiffs have executed an Irrevocable and Binding Stipulation that Plaintiffs' claims against State Farm do not exceed $75,000 exclusive of interest and costs. (R. Doc. 8-1).

Precedent generally requires that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), makes later filings irrelevant."[1] Plainly, the parties' stipulation was not attached to Plaintiff's original Petition in this case. However, in limited circumstances, later filings can be considered for clarification, "if the

---

[1] *Hamilton v. Mike Bloomberg 2020, Inc.*, Nos. 21-10576, 2021 WL 5272218, at *2 (5th Cir. Nov. 11, 2021) (other citations omitted).

basis for jurisdiction is ambiguous at the time of removal,"[2] as it was here. That said, merely stating that the amount in controversy does not exceed $75,000 is insufficient to establish with legal certainty that Plaintiff's claims are really less than $75,000. "While a stipulation which limits recovery to $75,000 weighs in favor of remand, some courts require that, for it to be effective, the plaintiff must file into the record an affidavit, signed by the litigant, stipulating that he will not accept over $75,000, even if such an award is made by the Court."[3] Likewise, "a stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit." *Mouton v. Balboa Ins. Co.*, No. 10-1639, 2010 WL 2902785, at *2 (E.D. La. July 20, 2010).

While the parties did not submit a notarized affidavit, they did provide an Irrevocable and Binding Stipulation signed by the Plaintiffs. Paragraph 3 of the stipulation states that "[n]either Plaintiffs nor their attorneys will accept an amount that exceeds $75,000.00, exclusive of interest and costs." (R. Doc. 8-1). Paragraph 4 of the stipulation states that "Plaintiffs and their attorneys renounce any portion of any judgment which may be rendered in their favor against State Farm Fire and Casualty Company which is in excess of $75,000.00." (R. Doc. 8-1). Furthermore,

---

[2] *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).

[3] *Hinkle v. USAA Gen. Indem. Co*., No. 17-156, 2017 WL 4411052, at *5 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156-, 2017 WL 4401631 (M.D. La. Sept. 29, 2017) (deGravelles, J.), citing *Carr v. CVS Drug Stores*, No. 08-578, 2008 WL 4844712, at *6 (W.D. Tex. Oct. 6, 2008), citing *Engstrom v. L–3 Commc'ns Gov't Servs., Inc*., No. 04-2971, 2004 WL 2984329, at *5 (E.D. La. Dec. 23, 2004) (finding that in order for stipulation to be binding plaintiff must not only state that his claims for damages were limited to $75,000, but also waive any claim for actual and punitive damages over $75,000); *Cleary v. Murphy Oil USA, Inc*., No. 03–1718, 2003 WL 21977163, at *3 (E.D. La. Aug. 15, 2003) (finding that, although plaintiff's stipulation limiting recovery to $75,000 weighs in favor of remand, case would not be remanded unless plaintiff filed affidavit stipulating he would not attempt to execute judgment to extent it exceeded $75,000)). *See also, Mouton v. Balboa Ins. Co.*, No. 10-1639, 2010 WL 2902785, at *2 (E.D. La. July 20, 2010) ("A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit." (citation omitted)); *Crosby v. Lassen Canyon Nursery, Inc*., No. 02–2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (noting in its reasoning denying remand, where plaintiffs submitted post-removal affidavit in which they agreed their claims for damages did not exceed $75,000 and they would not seek damages in excess of $75,000, plaintiffs post-removal affidavit failed to stipulate they would not accept more than $75,000 in damages award).

Paragraph 5 of the stipulation states that: "[n]either Plaintiff[s] nor their attorney will amend the petition after one year to plead an amount in controversy in excess of the $75,000.00, exclusive of interest and costs. Given that the stipulation did provide an express waiver by the Plaintiffs of their rights to accept or enforce any judgment in excess of the statutory limit, the Joint Motion to Remand will be hereby granted.

Accordingly,

**IT IS ORDERED** that the Joint Motion to Remand (R. Doc. 8) is **GRANTED**, and this case is hereby **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana**.**

Signed in Baton Rouge, Louisiana on December 3, 2025.

_____
**JUDGE SCOTT JOHNSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**